## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) BOARD OF REGENTS FOR THE OKLAHOMA AGRICULTURAL AND MECHANICAL COLLEGES acting for and on behalf of OKLAHOMA STATE UNIVERSITY, and<br>2) OKLAHOMA STATE UNIVERSITY,<br><br>    Plaintiffs,<br><br>vs.<br><br>1) NEW MEXICO STATE UNIVERSITY,<br><br>    Defendant. | Case No. CIV-14-1147-HE<br><br>JURY TRIAL DEMANDED |

### COMPLAINT

COME NOW the Plaintiffs, Board of Regents for the Oklahoma Agricultural and Mechanical Colleges acting for and on behalf of Oklahoma State University and Oklahoma State University (collectively, "Plaintiff" or "OSU"), and for their claims against Defendant, New Mexico State University ("Defendant" or "NMSU"), allege and state as follows:

### Parties

1.      Plaintiff, OSU, exists under the laws of the State of Oklahoma and has its principal place of business in the Western District of Oklahoma.

2.      Defendant, NMSU, is a university which exists under the laws of the State of New Mexico and has its principal place of business in Las Cruces, New Mexico.

**<u>Jurisdiction and Venue</u>**

3.      This is an action for trademark infringement under the Trademark Act of 1946, as Amended (the Lanham Act, 15 U.S.C. § 1051 et seq.) and related claims.

4.      This Court has jurisdiction over the claims herein pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §1338(a).

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

**<u>Allegations Common to All Claims for Relief</u>**

6.      Plaintiff OSU is a land grant university based in Stillwater, Oklahoma, which has been in existence since 1890.

7.      Plaintiff's adopted mascot is a fanciful depiction of a cowboy character in chaps known as Pistol Pete.

8.      Since at least 1930 and continuously thereafter, Plaintiff has utilized marks depicting Pistol Pete, such as the images below and similar images, to identify its goods and services and to distinguish them from those of others.




(The "Pistol Pete Marks").

9.     In addition to Plaintiff's extensive commonlaw rights, the United States Patent & Trademark Office has issued Registration Nos. 1,602,422 and 3,187,429 to Plaintiff for the mark as shown above left for goods and services in multiple International Classes.  True and correct copies of the registrations are attached hereto as Exhibits "1" and "2."

10.    These registrations are incontestable pursuant to 15 U.S.C. §§ 1065 and 1115(b).

11.    Plaintiff has given notice of its registrations by displaying with its Pistol Pete Marks the letter "R" enclosed within a circle as the marks are used in connection with Plaintiff's goods and services pursuant to U.S.C. § 1111.

12.    Plaintiff entered into a Concurrent Use Agreement with the University of Wyoming ("UW") on or about January 20, 1993 with regard to a certain cowboy mark utilized by UW.  Subject to the terms and conditions of the UW Agreement, Plaintiff has the exclusive rights to use its Pistol Pete Marks in commerce.

13.    Plaintiff's Pistol Pete Marks are distinctive and famous.

14.    These marks have been used by Plaintiff for over eighty (80) years, have been the subject of extensive promotion, have been used and advertised throughout the United States, and are widely recognized by the public as being associated with Plaintiff.

15.    Upon information and belief, Defendant has begun utilizing the mark depicted below which is confusingly similar to OSU's Pistol Pete Marks.



(The "Subject Mark").

16.     To the extent Defendant may contend that it utilized the Subject Mark or a similar mark or character in the past, Defendant either had no rights in any such mark or discontinued and abandoned such use with no intent to resume many years ago.

17.     Upon information and belief, Defendant previously acknowledged OSU's rights to the Pistol Pete Marks.

**First Claim for Relief**
**(Trademark Infringement)**

18.     Plaintiff adopts and incorporates each and every preceding paragraph as if set forth fully herein at this point.

19.     Defendant has, without permission or authority from Plaintiff, used and is continuing to use the Subject Mark in interstate commerce to promote its goods and services.

20.     Plaintiff and Defendant are both land grant universities located in contiguous states which provide educational and other related services, conduct athletic and other events and sell associated goods.

21.     Plaintiff's and Defendant's goods and services are marketed and sold in substantially similar channels of trade to a substantially similar class of customers and/or are within Plaintiff's reasonable area of expansion.

22.     Defendant's actions and unauthorized use of the Subject Mark are likely to cause confusion or to cause mistake.

23.     Defendant's actions and unauthorized use of the Subject Mark constitute trademark infringement in violation of 15 U.S.C. § 1114.

24.     Plaintiff has provided Defendant with actual notice of Plaintiff's marks and registrations and requested that Defendant cease and desist from its acts of infringement, but Defendant has failed and refused to do so.

**Second Claim for Relief**
**(Unfair Competition)**

25.     Plaintiff adopts and incorporates each and every preceding paragraph as if set forth fully herein at this point.

26.     Defendant's actions and use of the Subject Mark are likely to cause confusion or to cause mistake as to the origin of Defendant's goods or services or an affiliation, connection or association between Defendant and Plaintiff.

27.     Defendant's actions and use of the Subject Mark as set forth herein constitute unfair competition, and Plaintiff has been injured thereby.

## Third Claim for Relief
**(Violation of Lanham Act § 43(a))**

28.     Plaintiff adopts and incorporates each and every preceding paragraph as if set forth fully herein at this point.

29.     Defendant has placed goods and services in interstate commerce with the Subject Mark connected therewith.

30.     Defendant's use of the Subject Mark is likely to cause confusion, or to cause mistake as to the affiliation, connection, or association of Defendant with Plaintiff and as to the origin, sponsorship, or approval of such goods or services by Plaintiff.

31.     These acts are likely to cause damage to Plaintiff and are in violation of §43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

## Fourth Claim for Relief
**(Violation of Lanham Act § 43(c))**

32.     Plaintiff adopts and incorporates each and every preceding paragraph as if set forth fully herein at this point.

33.     The aforementioned acts of Defendant violate § 43(c) of the Lanham Act (15 U.S.C. § 1125(c)) in that they have and will continue to cause dilution of the distinctive quality of Plaintiff's marks, all causing irreparable injury and damage to Plaintiff.  Defendant's acts have or will lessen the capacity of Plaintiff's marks to identify and distinguish the goods and services of Plaintiff and have and will continue to blur the unique association which has heretofore existed between Plaintiff and its sponsored goods and services.

## **Combined Prayer for Relief**

WHEREFORE, Plaintiff requests that judgment be entered in its favor and against Defendant as follows:

1.      That Defendant, its employees and all others acting under its direction or control, be preliminarily and permanently enjoined and restrained from infringing Plaintiff's Pistol Pete Marks and from utilizing the Subject Mark and any other marks confusingly similar thereto;

2.      That, pursuant to 15 U.S.C. § 1118, Defendant be required to deliver up all products, printed materials, signage and other articles in the possession of Defendant bearing the Subject Mark and that the same be destroyed;

3.      That Defendant be required to account to Plaintiff for any and all profits derived by Defendant from use of the Subject Mark and for all damages allowed by law;

4.      Determination that this is an exceptional case and that Plaintiff is therefore to be awarded its reasonable attorney's fees; and

5.      The costs of this action and such other and further relief as may be just and proper.

Respectfully submitted,

s/ Todd A. Nelson
Todd A. Nelson, OBA #15317
Scott R. Zingerman, OBA #14342
FELLERS, SNIDER, BLANKENSHIP,
  BAILEY & TIPPENS, P.C.
321 South Boston, Suite 800
Tulsa, OK 74103-3318
Telephone:   (918) 599-0621
Facsimile:    (918) 583-9659
E-Mail: tnelson@FellersSnider.com
szingerman@FellersSnider.com

Attorneys for Plaintiffs,
Board of Regents for the Oklahoma
Agricultural and Mechanical Colleges
acting for and on behalf of Oklahoma
State University and Oklahoma State
University

**JURY TRIAL DEMANDED**

#41010.2